IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:13-877-1 |
| | § | |
| GILDARDO GERMAN PATT, | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION & ORDER**

Before the Court are two letter motions from Defendant Gildardo German Patt ("Patt"). Patt's first motion asks the Court to vacate his sentence and resentence him to 20 months to avoid serving additional time if the Bureau of Prisons (BOP) does not run his sentences concurrently. D.E. 28. Patt's second motion states that the BOP "wants" to give him credit for time he spent in state custody but needs to hear from a federal judge. D.E. 30.

**BACKGROUND**

Patt pleaded guilty to illegal reentry after he was arrested in Corpus Christi, Texas in August 2013 for the state crimes of stalking and evading arrest. He was brought into federal custody pursuant to a Writ of Habeas Corpus ad Prosequendum on September 5, 2013 and was sentenced to 27 months imprisonment on February 18, 2014. Patt alleges he remained in federal custody until June 2014 when he was returned to Nueces County to face state charges. He further alleges that he remained in state custody until April 2, 2015, when he was transferred to federal custody.

At the time of Patt's sentencing, he had not yet been convicted in Texas, but was charged with felony evading arrest in a motor vehicle. The Judgment of Conviction does not state whether Patt's federal sentence was to run concurrently with his yet-to-be imposed state sentence. Patt alleges that his state sentence was ordered by the state court to run concurrently with his federal sentence.

1

## ANALYSIS

Patt's first motion (D.E. 28), which requests that the Court vacate his sentence and impose a lesser sentence, is outside of the Court's authority. The Court has only limited statutory authority to modify a sentence after it has become final and may do so only as permitted by statute or after a defendant prevails on appeal or by post-conviction motion. *See* 18 U.S.C. § 3582(c), 28 U.S.C. § 2255. Patt's motion does not fit within one of the permissible categories.

Patt's second motion states that the state court judgment ordered his sentences to run concurrently. A state court's judgment that a defendant's state sentence should run concurrently with his federal sentence is not binding on the BOP." *See Leal v. Tombone*, 341 F.3d 427, 427–30 (5th Cir. 2003); *accord Brown v. Morris*, 231 Fed. App'x 312, 313 (5th Cir. Apr. 27, 2007) (per curiam) (designated unpublished). Furthermore, "[w]ell-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003) (emphasis in original); *Hunter v. Tamez*, 622 F.3d 427 (5th Cir. 2010); 18 U.S.C. § 3584(a). "A district court must specify in its sentencing order that sentences run concurrently; otherwise, they run consecutively." *Miles*, 333 F.3d at 553. Although a federal court has discretion to permit the concurrent running of a yet-to-be imposed state sentence, the court must include an express statement in the federal judgment; otherwise, there is a presumption that the sentences run consecutively. *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000). Because the federal court judgment is silent, Patt's federal sentence runs consecutively to his state court sentence.

Patt's request for jail credit on his federal sentence is a matter that is decided in the first instance by the BOP through its administrative procedures.[1] Only after Patt has exhausted those procedures may he raise

---

1. "The BOP-as opposed to the federal courts-is the entity authorized to determine where a federal sentence will be served, when it begins, and, in certain respects, how long it will last." *United States v. Cibrian*, 374 Fed. App'x. 524, 529-30 (5th

the issue in federal court. A claim for jail credit should be brought by a petition pursuant to 28 U.S.C. § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle by which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration.") (citations omitted); *United States v. Gabor*, 905 F.2d 76, 77–78 n.2 (5th Cir. 1990); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

Additionally, a challenge to the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241 must be filed in the district where the defendant is incarcerated. *See Pack*, 218 F.3d at 451. The return address on Patt's letter reflects that he is incarcerated in Terre Haute, Indiana which is located in the Southern District of Indiana – Terre Haute Division. Thus, assuming Patt remains incarcerated in Terre Haute, he should file any § 2241 petition in the Southern District of Indiana, after first exhausting his administrative remedies.

## CONCLUSION

For the reasons set forth above, Patt's motion to vacate his sentence and impose a lesser sentence (D.E. 28) and motion to run his sentences concurrently (D.E. 30) are **DENIED**.

It is so **ORDERED**.

**SIGNED** this 24th day of June, 2015.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

---

Cir. Mar. 24, 2010) (per curiam) (designated unpublished) (citing 18 U.S.C. § 3621; *see United States v. Wilson*, 503 U.S. 329, 337, (1992) (Attorney General, through the BOP, computes the amount of § 3585(b) credit after the defendant has begun to serve his sentence); *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) ("credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing")).