Case 2:13-cr-00877   Document 33   Filed in TXSD on 11/10/15   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
November 10, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff-Respondent,** | § | |
| | § | |
| v. | § | 2:13-CR-877-1 |
| | § | (2:15-CV-442) |
| **GILDARDO PATT,** | § | |
| **Defendant-Movant.** | § | |

**MEMORANDUM OPINION & ORDER**

Gildardo Patt (Patt) filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. D.E. 20.[1] The motion also includes a request for appointed counsel.

**I. BACKGROUND**

Patt pled guilty to illegal reentry and was sentenced to 27 months' imprisonment. Judgment was entered on the docket on April 28, 2014. He did not appeal. Patt filed a motion in April 2015 in which he requested that the Court resentence him so that his state and federal sentences could run concurrently. The Court denied the motion by written Order dated June 24, 2015. D.E. 31. The Clerk received the present § 2255 motion on October 13, 2015.

**II. MOVANT'S ALLEGATIONS**

Patt raises several issues complaining that his criminal history and offense level were erroneously calculated.

---

[1] Docket entry references (D.E.) are to the criminal case.

### III. ANALYSIS

#### A. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[2] 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Because Patt did not appeal, his conviction became final on the last day to file a timely notice of appeal, 14 days after the judgment or order was entered on the docket. FED. R. APP. P. 4(b). His notice of appeal was due on or before May 13, 2014. Patt did not file his § 2255 motion until October 8, 2015, over four months too late.

Equitable tolling may allow for a late filed motion, but such exceptions to limitations are rare. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (Although the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'"). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his

---

[2] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

burden, Patt must show that (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *Id*. Patt has not explained his delay. Because his motion is untimely, this Court may not decide its merits.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Patt has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealbulity (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that reasonable jurists could not debate the denial of Patt's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). Similarly, as to the claims that this Court has addressed on procedural grounds, the Court finds that Patt cannot establish at least one of the *Slack* criteria. Specifically, jurists of reasons would not find this Court's procedural rulings debatable. Accordingly, Patt is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the foregoing reasons, Patt's § 2255 motion (D.E. 32) is **DENIED**, his motion for appointment of counsel (D.E. 32) is **DENIED**, and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 10th day of November, 2015.

                                               JOHN D. RAINEY
                                               SENIOR U.S. DISTRICT JUDGE